UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

vs.

D-1 EDWARD BELCZAK

Defendant.

CRIMINAL NO. 2:14-cr-20239
HONORABLE ARTHUR J. TARNOW

_____/

# FIRST SUPERSEDING INFORMATION

THE UNITED STATES ATTORNEY CHARGES THAT:

## GENERAL ALLEGATIONS

At all times relevant to this Information:

1.     St. Thomas More Catholic Church (STM) was a parish in Troy,

Michigan, within the Archdiocese of Detroit (the Archdiocese).

2.     The Archdiocese appointed Edward BELCZAK to be the pastor at

STM.

3.     As the pastor of STM, BELCZAK was primarily responsible for the

financial and administrative operations of the parish.

4.     BELCZAK was obligated to comply with the Financial Policies and

Procedures Manual (FPPM) as established by the Archdiocese.

5.      According to the FPPM, STM was authorized to operate only one primary bank account, and was to conduct all significant financial transactions of the parish through that account.

6.      BELCZAK was a signatory on STM's primary bank account which was maintained at Independent Bank in Troy, Michigan.

7.      BELCZAK was required to verify the accuracy of the annual financial reports that were submitted to the Archdiocese on behalf of STM.

8.      Each year, STM was required to pay the Archdiocese a Diocesan Assessment to support the operations of the Archdiocese. The formula used to calculate the yearly assessment was based upon STM's operating receipts, which were reported in the yearly financial reports that BELCZAK verified and submitted, or caused to be submitted, on behalf of STM. Operating receipts included items such as donations and bequests from parishioners, fund raising income, and all other miscellaneous income received.

9.      Each year, the Archdiocese mailed STM an assessment letter setting forth the calculation and the amount due for that year's assessment based on STM's financial reports that BELCZAK verified.

10.     All dates in this Information are alleged to have occurred "on or about" the dates stated.

2

11.    All dollar amounts in this Information are approximate.

## COUNT ONE
### *(Mail Fraud—18 U.S.C. § 1341)*

12.    The General Allegations are included in this count.

13.    From March 2005 through 2012, in the Eastern District of Michigan, Southern Division, defendant EDWARD BELCZAK, knowingly devised and executed a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, to wit: Belczak stole and diverted money from STM, then created and caused the creation of false financial reports that concealed his theft and diversion of the money to his own benefit. In order to execute and attempt to execute the scheme, BELCZAK knowingly caused items to be sent and delivered by United States mail in the manner and means as follows:

### *Purchase of Florida Condo*

14.    On March 28, 2005, BELCZAK purchased a condominium located at 2403 Windsor Way Court, Wellington, Florida, for $500,000 by obtaining a bank loan for $400,000. BELCZAK also was required to pay $112,145.80 at closing.

15.    On March 24, 2005, BELCZAK purchased an official check drawn on STM's account at Independent Bank in the amount of $109,570.80 payable to Sunbelt Title Agency. BELCZAK listed the remitter as "St. Thomas More Church."

3

This check, along with a $2,575 check drawn on BELCZAK's personal bank account, was used to pay BELCZAK's closing costs for the condominium.

### *Money Bequeathed to STM from the E.M. Trust*

16.     In mid-April 2006, the trustee for the E.M. Trust informed BELCZAK that E.M.—a parishioner of STM who had recently passed away— had bequeathed approximately $420,200 to STM, to be used "for the needs of the church."

17.     In mid-April 2006, the trustee for the E.M. Trust mailed a check from "M. Carolyn Moening, Trustee" payable to STM in the amount of $350,000.

18.     On April 26, 2006, in furtherance of the scheme to defraud and in order to conceal his illegal conduct, BELCZAK opened a business money market account at Private Bank in the name of "St. Thomas More c/o Edward Belczak" (Private Bank xxx846). BELCZAK endorsed the $350,000 check from the E.M. Trust and used it to open the account, listing himself as the only authorized signatory. The Archdiocese was never informed of the existence of this account, and never authorized it to be established.

19.     On May 31, 2006, the trustee for the E.M. Trust mailed a second check from "M. Carolyn Moening, Trustee" payable to STM in the amount of $70,204.52.

4

20.     On June 5, 2006, BELCZAK, with intent to defraud, and to obtain money by means of material false and fraudulent pretenses, endorsed the second check from the E.M. Trust and caused it to be deposited into Private Bank xxx846.

21.     BELCZAK used most of the money that was bequeathed to STM by the E.M. Trust for his own personal use, benefit, and enrichment.

### *Money Donated to STM from the M. Family Foundation*

22.     From May 2008 through May 2011, STM parishioner M.M. donated $10,000 per year to STM from his family's foundation, and specified that the money was to be used "for the needs of the church."

23.     In May 2012, M.M. donated $3,000 to STM from his family's foundation for the needs of the church.

24.     Each year, M.M. either dropped the check off at STM or handed it directly to BELCZAK. The checks were all made payable to STM.

25.     Each year, BELCZAK, with intent to defraud, and to obtain money by means of material false and fraudulent pretenses, deposited the M. Family Foundation check payable to STM into Private Bank xxx846, the account he had established in the name of "St. Thomas More, c/o Edward Belczak."

26.     BELCZAK used most of the money received from M.M. and the M. Family Foundation for his own personal use, benefit, and enrichment.

### *Financial Reports and Diocesan Assessment Letters*

27.     BELCZAK approved and caused to be submitted yearly financial reports to the Archdiocese that were materially false, because they concealed his theft and diversion of funds from STM, including but not limited to the conduct set forth herein. The financial reports thereby underreported STM's operating receipts.

28.     On or about November 1, 2010, in the Eastern District of Michigan, in executing the scheme to defraud, Belczak caused the delivery of a Financial Report for Fiscal Year Ending June 30, 2010, from STM in Troy, Michigan to the Archdiocese in Detroit, Michigan by United States mail. This was all in violation of Title 18, United States Code, Section 1341.

## CRIMINAL FORFEITURE ALLEGATIONS

1.     Upon conviction of Mail Fraud, in violation of Title 18, United States Code, Sections 1341, as alleged in Count One of this First Superseding Information, defendant EDWARD BELCZAK shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) together with 28 U.S.C. § 2461(c), his right, title and interest in any property, real or personal, which constitutes or is derived from proceeds traceable to mail fraud, in violation of 18 U.S.C. § 1341.

2.     Property subject to forfeiture to the United States includes, but is not limited to, the following:

6

A.    Currency and Monetary Instruments

    i.     Merrill Lynch account 6ZT-57336;
    ii.    Merrill Lynch account 6ZT- 57550;
    iii.   TD Ameritrade account 861-314758;
    iv.    TD Ameritrade account 780-045803; and
    v.     TD Ameritrade account 757-509824;

B.    Real Property

The real property commonly known as 2403 Windsor Way Court, Wellington, FL 33414-7035, further described as:

All the following described land, situate, lying and being in Palm Beach County, Florida, to-wit: Lot 23, WINDSOR WAY, plat number 1 of PALM BEACH POLO AND COUNTRY CLUB-WELLINGTON, P.U.D., according to the plat therefor as recorded in Plat Book 52, Page(s) 99 and 100, of the Public Records of Palm Beach County, Florida.

Parcel I.D. 73-41-44-14-26-000-0230.

3.    Substitute Assets:   Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), defendant EDWARD BELCZAK shall forfeit substitute property, up to the value of the properties described in Paragraph 58 above, if, as a result of any act or omission of a defendant, the property described in Paragraph 58:

A.    cannot be located upon the exercise of due diligence;
B.    has been transferred or sold to, or deposited with, a third party;
C.    has been placed beyond the jurisdiction of the court;
D.    has been substantially diminished in value; or
E.    has been commingled with other property which cannot be divided without difficulty.

7

4.      All in accordance with 21 U.S.C. § 853(p), 18 U.S.C. § 982(b), and Rule 32.2, Federal Rules of Criminal Procedure.

## CRIMINAL FORFEITURE MONEY JUDGMENT

5.      Forfeiture Money Judgment:   Upon conviction of one or more of the violations of Title 18, United States Code, Section 1341, as alleged in Count One of this First Superseding Information, defendant EDWARD BELCZAK shall be ordered to pay a sum of money equal to Five Hundred Seventy Two Thousand Seven Hundred Seventy-Five Dollars and Thirty-Two Cents ($572,775.32) in United States Currency Funds, for which defendant EDWARD BELCZAK is liable, representing the amount of proceeds obtained as a result of his offense.

BARBARA L. McQUADE
United States Attorney

/s/ FRANCES LEE CARLSON
Assistant U.S. Attorney
211 W. Fort St., Ste. 2001
Detroit, Michigan   48226
Frances.Carlson@usdoj.gov
(313) 226-9696

/s/ ADRIANA DYDELL
Assistant U.S. Attorney
211 W. Fort St., Ste. 2001
Detroit, Michigan   48226
Adriana.Dydell@usdoj.gov
(313) 226-9125

Date:   August 25, 2015

| United States District Court<br>Eastern District of Michigan | **Criminal Case Cover Sheet** | Case Number<br>2:14-CR-20239 |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

## **Reassignment/Recusal Information** This matter was opened in the USAO prior to August 15, 2008   [  ]

| **Companion Case Information** | Companion Case Number: |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | Judge Assigned: Arthur J. Tarnow |
| ☐ Yes          ☒ No | AUSA's Initials: |

**Case Title:** USA v.  Edward Belczak

**County where offense occurred :** Wayne & Oakland Counties

**Check One:**          ☒ **Felony**          ☐ **Misdemeanor**          ☐ **Petty**

_____Indictment/_____Information --- **no prior complaint.**
_____Indictment/_____Information --- based upon prior complaint [Case number: ]
_____Indictment/__✓__Information --- based upon LCrR 57.10 (d) *[Complete Superseding section below]*.

## **Superseding Case Information**

**Superseding to Case No:** 2:14-CR-20239          **Judge:** Arthur J. Tarnow

☐   Original case was terminated; no additional charges or defendants.
☐   Corrects errors; no additional charges or defendants.
☒   Involves, for plea purposes, different charges or adds counts.
☐   Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.**

August 25, 2015
Date

Frances Lee Carlson
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226-3277
Phone: 313-226-9696
Fax: 313-226-3413
E-Mail address: Frances.Carlson@usdoj.gov
Attorney Bar #: P62624

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.

10/13/09